**SHELL DEVELOPMENT COMPANY, Plaintiff,**

v.

**Robert C. WATSON, Commissioner of Patents.**

Civ. A. No. 2224–54.

United States District Court
District of Columbia.

Feb. 15, 1957.

24. Cf. Twining v. State of New Jersey, 1908, 211 U.S. 78, 29 S.Ct. 14, 53 L.Ed. 97.

Edward B. Beale, Washington, D. C., for plaintiff, James M. Parker and Gary, Desmond & Parker, Chicago, Ill., Eugene O. Retter and Beale & Jones, Washington, D. C., of counsel.

Clarence W. Moore, Solicitor, Patent Office, Washington, D. C., for defendant, Joseph Schimmel, Washington, D. C., of counsel.

CURRAN, District Judge.

This is a civil action brought under the provisions of Section 145 of Title 35 of the United States Code, in which the plaintiff, Shell Development Company, a corporation as assignee of the patent application of Julius Hyman, Ernest Freireich and Rex E. Lidov, Serial No. 45,-574, filed August 21, 1948, entitled "Dienic Hydrocarbons and Derivatives Thereof", seeks a judgment from the Court authorizing the defendant, Commissioner of Patents, to grant plaintiff letters patent of the United States, based upon claim 13 of the patent application.

The claim is as follows:

"As a new composition of matter, the hydrocarbon bicyclo—(2.2.1)–2, 5–heptadiene possessing the following structural formula".

The subject matter of this claim falls within a statutory class of "composition of matter." This phrase covers all compositions of two or more substances and includes all composite articles, whether they be results of chemical union, or of mechanical mixture, or whether they be gases, fluids, powders or solids. See Walker on Patents, vol. 1, p. 55, par. 14. The subject matter of claim 13 is an organic compound generally known and denominated a hydrocarbon. According to the system of nomenclature, adopted at a meeting of the International Chemical Congress at Geneva in 1892, its name is "bicyclo-(2,2,1)–2, 5–heptadiene." The claim defines the compound by name and structural formula.

The Patent Office rejected the claim on the following grounds: (1) anticipation under Section 102(a) of Title 35 U.S.C. by the description in the Patterson et al. Monograph, that is, the Ring Index publication; and (2) non-patentability under Section 103 of Title 35 U.S.C., because the subject matter of the claim at issue would have been obvious to one skilled in the art given the teachings of the Alder et al. patent, and the Norton et al. and Joshel et al. publications.

The Ring Index publication is a monograph by Patterson and Capell published in 1940. On page 110 of the publication is an entry No. 668, relating to a compound having the common name "norcamphane", and a name under the Geneva

nomenclature of "bicyclo (2,2,1)–heptane." The structural formula of that compound is illustrated in the margin beside the descriptive matter, as follows:

Entry No. 668 contains other names according to the Geneva nomenclature, and one of these is "bicyclo (2,2,1)–2, 5–heptadiene." This is the name of the compound defined in claim 13 here.

On the last line of Item 668 of the Index there appears the notation Ann. 490, 238–9 (1931). Dr. Leonard T. Capell, plaintiff's expert, testified that this notation "is an original reference referring to the German periodical Analen, Volume 490, and the pages given are the exact pages on which a compound which includes this didehydro form occurs." The structure indicated is the same as plaintiff's exhibit number 7, and is as follows:

2,3–DICARBOMETHOXY BICYCLO–(2.2.1)–
2,5–HEPTADIENE

282

Plaintiff's exhibit number 6, shown below, is plaintiff's claimed structure, with the carbon being shown, and counsel for the plaintiff concedes that it is immaterial that the carbon was not shown in the claim because the carbon is inherent in the fact that there is a ring.

BICYCLO–(2.2.1.)–2.5–HEPTADIENE

Dr. Capell testified that plaintiff's exhibit number 6 was a derivative of plaintiff's exhibit number 7. According to Webster's New International Dictionary, 2nd Ed.1948, derivative in chemistry is defined as a "substance so related to another substance by modification or partial substitution as to be regarded as theoretically derived therefrom, even when not obtainable from it in practice * * *"

Would one skilled in the art seeing the index entry, which includes plaintiff's exhibit number 7 and the name bicyclo (2,2,1)–2, 5–heptadiene comprehend that it describes a compound exactly the same as is set forth in plaintiff's claim 13, which is plaintiff's exhibit number 6?

While it is true that the Ring Index is a compilation of structures, nevertheless it is stated in the publication that "except for some special reason, only systems representing known compounds of generally accepted structure, or definitely believed by authors to have a certain structure, are included."

The Patent Office took the position that either chemical nomenclature or structural formula was a sufficient form of identification of a chemical compound, contending that the Geneva nomenclature was such that any chemist familiar with that language could derive the structural formula identical with that presented in the claim from the name presented. Dr. Capell testified that given the name according to the Geneva nomenclature, the ordinary skilled chemist would "visualize a structure", and that "he could write the structural formula." Dr. Capell also testified that plaintiff's structural formula, corresponding to the name "bicyclo (2,2,1)–2, 5 heptadiene", represents a compound.

Section 102(a) of Title 35 United States Code, provides that for a thing to be patentable to any alleged inventor it must not have been "described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent." Plaintiff and defendant agree that the word "describe" is the key word in the interpretation of

the statutory language. The question before the Court is, therefore, whether the alleged invention in issue is described in the publication relied upon.

As to the sufficiency of the published description, suffice it to say that claim 13 is not a valid one where the name and structural formula in the publication relied upon contain and exhibit a substantial representation of plaintiff's claim in such clear terms that would enable any person skilled in the science of chemistry to make, construct and practice it.

Claim 13 calls for "the hydrocarbon bicyclo (2.2.1)–2, 5–heptadiene" possessing the illustrated structural formula. Therefore this Court holds that the name and formula constitute a sufficient description of the claimed invention; and that one skilled in the art writing the structural formula corresponding to the name would obtain a formula identical with that specified in claim 13. The defendant contends that "where the publication and the claim use identical language to describe the compound, and the meaning of the publication to those skilled in the art in exactly that set forth in the claim, the publication under the law negatives patentability." With this I agree.

Plaintiff contends that something more is needed than a name or pictorial representation, this something being called a "reduction to possession." In Merck & Co., Inc., v. Marzall, 91 U.S.App. 50, 197 F.2d 206, 207, the Court stated that where the application for a patent is on the compound itself: "such an application must be denied if there has been any prior disclosure of the compound, even though no practical means for its isolation or manufacture was previously known." Therefore plaintiff's contention is without merit.

A clear description in a prior publication is all that is necessary under the law to bar a subsequent inventor from obtaining a patent on the identical thing. In other words, a prior publication, in order to defeat a patent, need only exhibit the thing claimed in such an intelligible manner as to enable persons skilled in the art to which the invention is related, to comprehend it. Defendant's refusal to grant the claim sought here based upon the Ring Index publication was proper for this Court holds that the name and the structural formula contained in the Ring Index publication constitutes a sufficient description to anticipate. Plaintiff's claim 13 is clearly described in the publication within the meaning of the statutory language. I find for the defendant.

The findings of fact and conclusions of law being stated in this opinion, no formal findings or conclusions are necessary. Counsel for the defendant will prepare the appropriate order.